UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT WHITE;
STACEY BISHOP;
FRANKLIN GERMAN;
BRYAN PELLO;

                          Plaintiff(s),

-against-

COUNTY OF RENSSELAER;,
MARK WOJCIK, CHIEF FINANCIAL OFFICER FOR RENSSELAER COUNTY, IN HIS OFFICIAL CAPACITY ONLY;

                          Defendant(s)

**COMPLAINT**
**Index No.:**
1:24-cv-280 (AMN/TWD)

---

Plaintiff(s), by and through their attorneys, David M. Giglio & Associates, LLC, , as and for a complaint, allege that:

## JURISDICTION AND VENUE

1. Plaintiff(s) **ROBERT WHITE** (hereinafter referred to as "plaintiff(s)") were or are residents of the County of **RENSSELAER,** State of New York which is located in the Federal Court for the Northern District of New York and the actions complained of herein occurred in the County of **RENSSELAER,** State of New York which is situate in the Northern District of New York.

2. Plaintiff(s) **STACEY BISHOP** (hereinafter referred to as "plaintiff(s)") were or are residents of the County of **RENSSELAER,** State of New York which is located in the Federal Court for the Northern District of New York and the actions complained of herein occurred in the County of **RENSSELAER,** State of New York which is situate in the Northern District of New York.

3. Plaintiff(s) **FRANKLIN GERMAN** (hereinafter referred to as "plaintiff(s)") were or are residents of the County of **RENSSELAER,** State of New York which is located in

1

the Federal Court for the Northern District of New York and the actions complained of herein occurred in the County of **RENSSELAER,** State of New York which is situate in the Northern District of New York.

4.  Plaintiff(s) **BRYAN PELLO** (hereinafter referred to as "plaintiff(s)") were or are residents of the County of **RENSSELAER,** State of New York which is located in the Federal Court for the Northern District of New York and the actions complained of herein occurred in the County of **RENSSELAER,** State of New York which is situate in the Northern District of New York.

5.  The Defendants, County of **RENSSELAER** and **MARK WOJCIK**, in his official capacity as Chief Financial Officer for the County of **RENSSELAER** are located within the Northern District of New York.

6.  Venue is proper in the Northern District of New York since all of the transactions giving rise to the claim occurred within the Northern District.

7.  The plaintiff(s) assert subject matter jurisdiction since these claims are brought pursuant to the United States Constitution 5th, 8th and 14th Amendments as well as 18 USC section 1983.

### GENERAL ALLEGATIONS

8.  Upon information and belief, plaintiff **ROBERT WHITE** owned a property known as TAYER ROAD TAX MAP 214.-1-35.1 situate in the Town of STEPHENTOWN, County of RENSSELAER which was sold at a RENSSELAER County tax auction for a sum of $66,000.00 (Sixty Six Dollars) on or about Apr.

9.  Upon information and belief, at the time of the tax auction **ROBERT WHITE** owed local property taxes and penalties in an amount of approximately $24,000.00 (Twenty

Four Thousand Dollars) for the property known as TAYER ROAD TAX MAP 214.-1-35.1 at the time of the tax auction.

10. Upon information and belief, plaintiff **STACEY BISHOP** owned a property known as 50 AVENUE A situate in the Town of SCHAGTICOKE, COUNTY of RENSSELAER which was sold at a RENSSELAER County tax auction for a sum of $70,000.00 (Seventy Thousand Dollars) on or about July 6, 2021.

11. Upon information and belief, at the time of the tax auction **STACEY BISHOP** owed local property taxes and penalties in an amount of approximately $42,000.00 (Forty Two Thousand Dollars) for the property known as 50 AVENUE A at the time of the tax auction.

12. Upon information and belief, plaintiff **FRANKLIN GERMAN** owned a property known as 3405 NY RT 150 situate in the Town of SCHODACK, County of RENSSELAER which was sold at a RENSSELAER County tax auction for a sum of $51,000.00 (Fifty One Thousand Dollars) on or about July 6, 2021.

13. Upon information and belief, at the time of the tax auction **FRANKLIN GERMAN** owed local property taxes and penalties in an amount of approximately $12,000.00 (Twelve Thousand Dollars) for the property known as 3405 NY RT 150 at the time of the tax auction.

14. Upon information and belief, plaintiff **BRYAN PELLO** owned a property known as 5343 Route 7, situate in the Town of HOOSICK FALLS, County of RENSSELAER which was sold at a RENSSELAER County tax auction for a sum of $114,000.00 (One Hundred Fourteen Thousand Dollars) on or about June 26, 2019.

15. Upon information and belief, at the time of the tax auction **BRYAN PELLO** owed local property taxes and penalties in an amount of approximately $38,474.00 (Thirty Eight

Thousand Four Hundred Seventy Four Dollars) for the property known as 5343 Route 7 at the time of the tax auction.

## COUNT I

## TAKING OF PRIVATE PROPERTY WITHOUT A VALID PUBLIC USE IN VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

16. Plaintiffs repeat and reallege each of the allegations contained in this complaint.

17. Defendants have violated the United States Constitution by taking private property from the plaintiff(s) without a valid public use.

18. The United States Constitution precludes the government of arbitrarily taking private property and keeping the equity thereof.

19. The United States Constitution Fifth Amendment dictates that private property may not be taken "for public use" without just compensation.

20. Valid public use occurs when the property is taken to satisfy the tax burden associated with the property. Where the excess equity is also seized, there is no longer valid public use within the meaning of the Fifth Amendment to the US Constitution.

21. The United States Constitution Fourteenth Amendment prohibits the states from violating the plaintiff(s) Fifth Amendment rights.

22. 42 USC 1983 directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff **ROBERT WHITE** just compensation, or the equity from the tax auctions.

23. 42 USC 1983 directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff **STACEY BISHOP** just compensation, or the equity from the tax auctions.

24. 42 USC 1983 directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff **FRANKLIN GERMAN** just compensation, or the equity from the tax auctions.

25. 42 USC 1983 directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff **BRYAN PELLO** just compensation, or the equity from the tax auctions.

## COUNT II

### TAKING OF PRIVATE PROPERTY WITHOUT JUST COMPENSATION IN VIOLATION OF THE UNITED STATES CONSTITUTION

26. Plaintiffs repeat and reallege each of the allegations contained in this complaint.

27. Defendants have violated the Fifth Amendment to the United States Constitution by taking private property from the plaintiff(s) without just compensation.

28. The United States Constitution precludes the government of arbitrarily taking private property and keeping the equity thereof.

29. The United States Constitution Fifth Amendment dictates that private property may not be taken without 'just compensation.'

30. Just compensation allows the government to retain the monies from the tax auction to satisfy the plaintiffs property tax debts, but does not allow the government to seize any surplus funds from the tax auction.

31. The amount of the tax auction for TAYER ROAD TAX MAP 214.-1-35.1 was greater than the amount **ROBERT WHITE** owed in taxes and associated costs to the local government.

32. The amount of the tax auction for 50 AVENUE A was greater than the amount **STACEY BISHOP** owed in taxes and associated costs to the local government.

33. The amount of the tax auction for 3405 NY RT 150 was greater than the amount **FRANKLIN GERMAN** owed in taxes and associated costs to the local government.

34. The amount of the tax auction for 5343 Route 7 was greater than the amount **BRYAN PELLO** owed in taxes and associated costs to the local government.

35. The United States Constitution Fourteenth Amendment prohibits the states from violating the plaintiff(s) Fifth Amendment rights.

36. 42 USC 1983 prevents any person acting under the color of law from depriving any citizen of the United States their constitutional rights as guaranteed under the United States Constitution.

37. 42 USC 1983 thence directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff(s) just compensation, or the equity from the tax auction.

38. Plaintiff(s) **ROBERT WHITE** has been injured and damaged by the defendants violation of his Fifth Amendment rights when it seized his equity in properties known as TAYER ROAD TAX MAP 214.-1-35.1 and failed to pay just compensation for the same.

39. Plaintiff(s) **STACEY BISHOP** has been injured and damaged by the defendants violation of his Fifth Amendment rights when it seized his equity in properties known as 50 AVENUE A and failed to pay just compensation for the same.

40. Plaintiff(s) **FRANKLIN GERMAN** has been injured and damaged by the defendants violation of his Fifth Amendment rights when it seized his equity in properties known as 3405 NY RT 150 and failed to pay just compensation for the same.

41. Plaintiff(s) **BRYAN PELLO** has been injured and damaged by the defendants violation of his Fifth Amendment rights when it seized his equity in properties known as 5343 Route 7 and failed to pay just compensation for the same.

## COUNT III

## DEFENDANTS ARE IN VIOLATION OF THE PLAINTIFF'S RIGHTS UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION

42. Plaintiffs repeat and reallege each of the allegations contained in this complaint.

43. United States Constitution Eighth Amendment provides that excessive fines shall not be imposed upon private citizens.

44. The defendants have confiscated the entire equity within each of the plaintiff(s) real property.

45. The defendants are entitled to seize plaintiff(s) property and sell the same to satisfy tax debts of the plaintiff(s).

46. The defendants are not entitled to keep any excess equity after having satisfied the tax debts and associated charges.

47. By confiscating the entire equity in the Plaintiff(s) real property the defendants Defendants have effectively imposed excessive fines upon the plaintiffs in violation of the the Eighth Amendment to the United States Constitution.

48. By reason of the defendants violation of the plaintiffs rights under the United States Constitution Eighth Amendment, the plaintiff, **ROBERT WHITE**, has been damaged and is entitled to relief as a result.

49. By reason of the defendants violation of the plaintiffs rights under the United States Constitution Eighth Amendment, the plaintiff, **STACEY BISHOP**, has been damaged and is entitled to relief as a result.

50. By reason of the defendants violation of the plaintiffs rights under the United States Constitution Eighth Amendment, the plaintiff, **FRANKLIN GERMAN**, has been damaged and is entitled to relief as a result.

51. By reason of the defendants violation of the plaintiffs rights under the United States Constitution Eighth Amendment, the plaintiff, **BRYAN PELLO**, has been damaged and is entitled to relief as a result.

## COUNT IV

## DEFENDANTS HAVE BEEN UNJUSTLY ENRICHED BY THE SEIZURE OF PLAINTIFFS EQUITY IN THEIR REAL PROPERTY

52. Plaintiffs repeat and reallege each of the allegations contained in this complaint.

53. The defendants seized plaintiff(s) property in order to satisfy the plaintiff(s) tax debts on said property.

54. The defendants sold each of the plaintiffs property in an amount above and beyond the amount that the plaintiff owed the defendants for property tax debts and associated costs.

55. The defendants have known that the auctions amounts from said tax auctions exceeded the plaintiff(s) obligations to the defendants.

56. In spite of knowledge that there were surplus funds from said tax auctions, the defendants have confiscated the same, to the detriment of the plaintiffs, and have been unjustly enriched.

57. It is inequitable for the defendants to retain the equity from each property where the auctions price exceeded the plaintiff(s) tax obligations.

58. The plaintiffs have no remedy at law except as asserted in this complaint.

59. The plaintiff, **ROBERT WHITE**, has been damaged by unjust enrichment of the defendants actions in the confiscation of the equity in his real property at TAYER ROAD TAX MAP 214.-1-35.1 and is entitled to relief as a result.

60. The plaintiff, **STACEY BISHOP**, has been damaged by unjust enrichment of the defendants actions in the confiscation of the equity in his real property at 50 AVENUE A and is entitled to relief as a result.

61. The plaintiff, **FRANKLIN GERMAN**, has been damaged by unjust enrichment of the defendants actions in the confiscation of the equity in his real property at 3405 NY RT 150 and is entitled to relief as a result.

62. The plaintiff, **BRYAN PELLO**, has been damaged by unjust enrichment of the defendants actions in the confiscation of the equity in his real property at 5343 Route 7 and is entitled to relief as a result.

## COUNT V

## DEFENDANTS ARE IN VIOLATION OF SUBSTANTIVE DUE PROCESS UNDER THE UNITED STATES CONSTITUTION

63. Plaintiffs repeat and reallege each of the allegations contained in this complaint.

64. The United States Constitution Fifth Amendment provides that property shall not be taken without due process of law.

65. The defendants have retained the equity, or surplus proceeds, from tax auctions regarding each of the plaintiffs property.

66. The defendants have failed to provide a statutory or an administrative process for the plaintiffs to reclaim their equity in their respective properties.

67. The defendants have not offered to return the equity to the plaintiffs after seizing their properties to satisfy plaintiffs tax obligations.

68. In fact, the defendants are refusing to return the surplus proceeds to the plaintiffs in spite of plaintiffs demands for the return of the same.

69. The excess seizure is not rationally related to objective sought to be achieved, namely, the collection of delinquent taxes.

70. The cause of action is for violation of the United States Constitution is brought under the United States Constitution Fifth and Fourteenth Amendments.

71. By defendants actions in confiscating the entire equity in the Plaintiff, **ROBERT WHITE** real property at TAYER ROAD TAX MAP 214.-1-35.1, and not returning the equity to the plaintiff; in not providing the plaintiff with a statutory or administrative procedure in which to recover the equity; and in refusing in all respects to return to the plaintiff his equity in his real property, the plaintiff, **ROBERT WHITE**, has suffered damages and is entitled to relief.

72. By defendants actions in confiscating the entire equity in the Plaintiff, **STACEY BISHOP** real property at 50 AVENUE A, and not returning the equity to the plaintiff; in not providing the plaintiff with a statutory or administrative procedure in which to recover the equity; and in refusing in all respects to return to the plaintiff his equity in his real property, the plaintiff, **STACEY BISHOP**, has suffered damages and is entitled to relief.

73. By defendants actions in confiscating the entire equity in the Plaintiff, **FRANKLIN GERMAN** real property at 3405 NY RT 150, and not returning the equity to the plaintiff; in not providing the plaintiff with a statutory or administrative procedure in which to recover the equity; and in refusing in all respects to return to the plaintiff his equity in his real property, the plaintiff, **FRANKLIN GERMAN**, has suffered damages and is entitled to relief.

74. By defendants actions in confiscating the entire equity in the Plaintiff, **BRYAN PELLO** real property at 5343 Route 7 and not returning the equity to the plaintiff; in not providing the plaintiff with a statutory or administrative procedure in which to recover the equity; and in refusing in all respects to return to the plaintiff his equity in his real property, the plaintiff, **BRYAN PELLO**, has suffered damages and is entitled to relief.

**WHEREFORE**, plaintiff, **ROBERT WHITE**, demands judgment against the defendant(s) in an amount to be determined upon the trial of this action together with interest and the costs and disbursements of this action and such other and further relief as to the Court seems just and proper.

**WHEREFORE**, plaintiff, **STACEY BISHOP**, demands judgment against the defendant(s) in an amount to be determined upon the trial of this action together with interest and the costs and disbursements of this action and such other and further relief as to the Court seems just and proper.

**WHEREFORE**, plaintiff, **FRANKLIN GERMAN**, demands judgment against the defendant(s) in an amount to be determined upon the trial of this action together with interest and the costs and disbursements of this action and such other and further relief as to the Court seems just and proper.

**WHEREFORE**, plaintiff, **BRYAN PELLO**, demands judgment against the defendant(s) in an amount to be determined upon the trial of this action together with interest and the costs and disbursements of this action and such other and further relief as to the Court seems just and proper.

DATED 2/23/2024

DAVID M. GIGLIO & ASSOCIATES, LLC

By: _____
David M. Giglio & Associates, LLC
David M. Giglio
Attorneys for plaintiff(s)
13 Hopper Street
Utica, NY 13501
Tel. (315) 797-2854