**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**DANIEL J. MERCKX, *et al.*,**

**Plaintiffs,**

**v.** **1:23-CV-1354 (FJS/MJK)**

**RENSSELAER COUNTY, *et al.*,**

**Defendants.**

---

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

Pending before the Court is Plaintiffs' motion for reconsideration of the Court's Memorandum-Decision and Order dated March 19, 2026, in which the Court granted in part and denied in part Defendants' motions to dismiss, *see* Dkt. Nos. 93, 94, 95, 121. In that Memorandum-Decision and Order, the Court terminated Plaintiffs Merckx and Sweeney from this action because they lacked the capacity to sue; and, as to the claims of the remaining Plaintiffs, denied Defendants' motions to dismiss the following claims: (1) Plaintiff Laraway's Takings Clause claim against Defendant Rensselaer County, (2) Plaintiff Snashell's Takings Clause claim against Defendant Cattaraugus County; (3) Plaintiffs Dotty Carr's and Arthur McDowell's Takings Clause claims against Defendant City of Buffalo; and (3) Plaintiffs Chignard Noelizaire's and Martine Noelizaire's Takings Clause claims against Defendant City of Port Jervis. The Court also equitably tolled the statute of limitations for all these claims until May 25, 2023. Finally, the Court granted Defendants' motion to dismiss (1) Plaintiffs' claims for

declaratory and injunctive relief and (2) Plaintiffs' state law and state constitutional claims. *See, generally,* Dkt. No. 208, Memorandum-Decision and Order.

In response, Plaintiffs filed a motion for reconsideration and a motion to amend the complaint. *See* Dkt. No. 218, Notice of Motion. Specifically, Plaintiffs moved for reconsideration of the Court's holdings that (1) New York's notice of claim rules applied to Plaintiffs' equitable claims; (2) certain Plaintiffs had waived the argument that their § 1983 claims were brought within the three-year limitations period for § 1983 claims without the invocation of tolling; and (3) Plaintiffs Merckx and Sweeney did not have the capacity to sue to recover surplus. *See id.* at 1. In addition, Plaintiff Sweeney moved, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, to amend the complaint to bring his action in his personal capacity. *See id.*[1]

## II. DISCUSSION

### A. Legal Standards

In the Northern District of New York, Local Rule 60.1 governs motions for reconsideration. "'In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements.'" *Maye v. New York*, No. 1:10-cv-1260 (GLS/DRH), 2011 WL 4566290, *2 n.6 (N.D.N.Y. Sept. 29, 2011) (quoting *C-TC 9th Ave. P'ship v. Norton Co. (In re C-TC 9th Ave. P'ship)*, 182 B.R. 1, 2 (N.D.N.Y. 1995)). Generally, the court will deny a motion for reconsideration "unless the moving party can point to controlling decisions or data that the court

[1] In addition to Defendants in Merckx, who filed responses in opposition to Plaintiffs' motion for reconsideration, *see* Dkt. Nos. 225 (City of Buffalo), 228 (City of Port Jervis), 230 (Cattaraugus County), Defendants in some of the consolidated actions also filed responses in opposition, *see* Dkt. Nos. 226 (County of Tioga), 227 (County of Broome), 229 (Montgomery County), 231 (Tompkins County).

overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). "The prevailing rule 'recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'" *Maye*, 2011 WL 4566290, at *2 n.6 (quoting *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3 (citation omitted)).

Moreover, the Second Circuit has stated that a motion for reconsideration is not meant to "'relitigate[] old issues, present[] the case under new theories, secur[e] a rehearing on the merits, or otherwise tak[e] a second bite at the apple.'" *Henderson v. Rite Aid of New York, Inc.*, No. 16-CV-785V(Sr), 2018 WL 514094, *1 (W.D.N.Y. Jan. 23, 2018) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L. P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation omitted), *cert. denied*, 569 U.S. 918 (2013)); *see also Shrader*, 70 F.3d at 257 (stating that "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided"); *Coleman v. Annucci*, No. 9:26-CV-0134 (GTS/CBF), 2026 WL 1417051, *2 (N.D.N.Y. May 20, 2026) (noting that "a motion for reconsideration cannot be used 'to advance new facts, issues or arguments not previously presented to the Court'" (quoting *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (2d Cir. 2001))).

In this case, the only possible basis for Plaintiffs' motion for reconsideration is that there is a need to correct a clear error of law or prevent manifest injustice. After re-reading Plaintiffs' opposition to Defendants' motions to dismiss and their arguments in support of their motion for reconsideration, the Court concludes, for the following reasons, that Plaintiffs have failed to demonstrate that reconsideration is warranted.

**B. Discussion**

In their Amended Complaint, Plaintiffs assert, among other things, that "Plaintiff Merckx is sole heir to the Merckx Estate." See Dkt. No. 75, Amended Complaint, at ¶ 13. Plaintiffs also assert that, "[r]ather than return the approximately $42,293 in surplus proceeds to Daniel Merckx, personally . . . Rensselaer County wrongfully retained the surplus proceeds." *See id.* at ¶ 17.

In their opposition to Defendant Rensselaer County's motion to dismiss based on its contention that Plaintiff Merckx lacks standing because he is the administrator of the Estate of Merckx and is appearing as a representative of the Estate, Plaintiff Merckx did not raise the argument that, irrespective of whether he lacked standing in his capacity as the administrator of the Merckx Estate, he had a claim to the surplus proceeds individually as the sole heir to the Merckx Estate. There was nothing that prevented Plaintiff Merckx from raising that argument in opposition to Defendant Rensselaer County's motion to dismiss. Thus, he has waived his opportunity to raise this argument now in support of this motion for reconsideration. Therefore, the Court denies Plaintiffs' motion for reconsideration based on this argument that he could have raised previously.

Likewise, the Court denies Plaintiffs' motion for reconsideration with regard to the dismissal of Plaintiff Sweeney's claim as Executor of the Estate of Mary Pedano. Plaintiffs acknowledge that Plaintiff Sweeney has no standing to raise such a claim, but, nonetheless, ask the Court to allow them to amend the Complaint so that Plaintiff Sweeney can assert a claim in his capacity as Mary Pedano's beneficiary. Plaintiffs acknowledge that Plaintiff Sweeney did not assert his claim individually as well as in his capacity as the Executor of his mother's Estate.

Plaintiffs point to no reason why they did not do so, a change in the controlling law, or that the information regarding the fact that he may have an individual claim was not previously available to him. Therefore, the Court denies Plaintiffs' motion for reconsideration with regard to Plaintiff Sweeney's claim and denies Plaintiffs' motion to amend their complaint to add such a claim.

Third, Plaintiffs have provided no basis for the Court to reconsider its conclusion that certain Plaintiffs had waived the argument that their § 1983 claims were brought within the three-year limitations period for § 1983 claims without the invocation of tolling. The Court's review of the record supports that conclusion.

Finally, Plaintiffs seek reconsideration of the Court's finding that their unjust enrichment claims are subject to New York's notice-of-claim rules. The Court concluded that "County Law § 52 requires a notice of claim for equitable claims." *See* Dkt. No. 208, Court's Memorandum-Decision and Order, at 26-27 (citing N.Y. Cnty. L. § 52 ("any claim . . . for damages arising at law or in equity . . . shall be commenced pursuant to . . . [§ 50-i] of the general municipal law."); N.Y. Gen. Mun. [Law] § 50-i ("No action or special proceeding shall be prosecuted or maintained against a . . . county . . . unless, (a) a notice of claim shall have been made and served upon the city, county, town, village, fire district or school district in compliance with [§ 50-e] of this article")). Furthermore, relying on *Cooper Crouse-Hinds, LLC v. City of Syracuse, New York,* No. 16-CV-1201 (MAD/ATB), 2018 WL 840056, at *10 (N.D.N.Y. Feb. 12, 2018), which applied County Law § 52's notice-of-claim requirement to a plaintiff's unjust enrichment claim, the Court held that "[u]njust enrichment is an equitable claim." The Court applied this same reasoning to Plaintiffs' inverse condemnation, equitable accounting, and money had and received claims. *See id.* (citations omitted).

In response to Defendants' motions to dismiss, Plaintiffs argued that "[t]he statute of limitations for an unjust enrichment claim that is **equitable in nature** is six years." *See* Dkt. No. 102 at 35 (citations omitted) (emphasis added). Furthermore, they asserted that, "[a]lthough some courts have applied a three-year statute of limitations to unjust enrichment claims, they have done so only where the unjust enrichment claim was legal, not equitable." *See id.* at 36 (citations omitted). The only time Plaintiffs suggested that their unjust enrichment claim was not an equitable claim can be found in one sentence, "Here, [unlike in *City of Almaty v. Sater*, 503 F. Supp. 3d 51 (S.D.N.Y. 2020)], [where the plaintiffs' unjust enrichment claim was based in tort]," "'the theory of unjust enrichment lies as a quasi-contract claim.'" *See id.* at 36 (quoting *Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511, 516 (2012) (internal quotations and alternations omitted)).

In their motion for reconsideration, Plaintiffs assert that the case on which the Court relied to support its conclusion that the notice of claim rules applied to their unjust enrichment claim, *Cooper Crouse-Hinds, L.L.C. v. City of Syracuse*, No. 16-CV-1201 (MAD/ATB), 2018 WL 840056, at *10 (N.D.N.Y. Feb. 12, 2018), "provided scant analysis for its holding that the notice rules applied to an unjust enrichment claim." *See* Dkt. No. 218-1, Plaintiffs' Memorandum of Law in Support of Motion for Reconsideration, at 3. Instead, Plaintiffs assert that they "believe the vast majority of decisions have concluded that a notice of claim is not required when a plaintiff seeks equitable relief such as restitution[.]" *See id.* Moreover, for the first time, Plaintiffs argue that "an unjust enrichment claim is a claim sounding in quasi-contract, as to which the notice of claim provisions do not apply." *See id.* All of the arguments on which Plaintiffs now rely to support their motion for reconsideration with regard to their unjust enrichment claim not requiring them to file a Notice of Claim could have been made in their

opposition to Defendants' motion to dismiss; but, for whatever reason, Plaintiffs chose not to do so. As previously noted, a motion for reconsideration is not the time to "'relitigate[] old issues, present[] the case under new theories, secur[e] a rehearing on the merits, or otherwise tak[e] a second bite at the apple.'" *Henderson v. Rite Aid of New York, Inc.*, No. 16-CV-785V(Sr), 2018 WL 514094, *1 (W.D.N.Y. Jan. 23, 2018) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L. P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation omitted), *cert. denied*, 569 U.S. 918 (2013)); *see also Shrader*, 70 F.3d at 257 (stating that "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided"); *Coleman v. Annucci*, No. 9:26-CV-0134 (GTS/CBF), 2026 WL 1417051, *2 (N.D.N.Y. May 20, 2026) (noting that "a motion for reconsideration cannot be used 'to advance new facts, issues or arguments not previously presented to the Court'" (quoting *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (2d Cir. 2001))), which is exactly what Plaintiffs are trying to do here. Therefore, the Court denies Plaintiffs' motion for reconsideration with regard to their unjust enrichment and other equitable claims.

## III. CONCLUSION

Having reviewed the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiffs' motion for reconsideration and their related motion to amend their complaint are **DENIED in their entirety.**

**IT IS SO ORDERED.**

Dated: October 28, 2026
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge